```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
────────────────────────────────────────
NICOLE RICE,
                                              21-cv-373 (JGK)
                    Plaintiff,
                                              ORDER
        - against -

COMMISSIONER OF SOCIAL SECURITY,

                    Defendant.
────────────────────────────────────────
```

**JOHN G. KOELTL, District Judge:**

   The plaintiff, appearing pro se, has filed an application to proceed without the payment of fees, that is, in forma pauperis (IFP), which this Court granted on January 19, 2021.  The IFP application stated that the plaintiff was seeking judicial review of a Title XVI Social Security Disability benefits determination. The plaintiff attached to the application a copy of her Statement of Claimant or Other Person (SSA-795).  However, the plaintiff has not filed a complaint, and it is not clear whether the plaintiff has filed a claim application with the Social Security Administration, and if so, whether the Commissioner has reached a final decision on her application.

   The Social Security Act grants federal courts jurisdiction to review challenges a final decision of the Commissioner, provided the plaintiff files her appeal within 60 days of the claimant's receipt of the Notice of Appeals Council Action. See 42 U.S.C. § 405(g); 20 C.F.R. § 422.210. If the plaintiff has not filed a claim with the Social Security Administration, this Court does not

have jurisdiction to consider the plaintiff's application for benefits. Bowen v. City of New York, 476 U.S. 467, 483 (1986). Further, plaintiffs must generally exhaust their administrative remedies before the Social Security Administration, such that the Commissioner has reached a "final decision," before appealing to federal court. Abbey v. Sullivan, 978 F.2d 37, 43 (2d Cir. 1992). Ordinarily, to exhaust the administrative review process, a plaintiff must: (1) file an application to the Social Security Administration, (2) receive an initial determination concerning the computation of benefits, if any; (3) seek reconsideration; (4) request a hearing before an Administrative Law Judge, and (5) request that the Appeals Council review the Administrative Law Judge's decision. 20 C.F.R. § 416.1400(a).

If the plaintiff has filed a claim and exhausted the administrative review process, using the attached complaint form for actions brought under 42 U.S.C. § 405(g) and any additional papers she requires, the plaintiff must:

(1)  provide the date of the Social Security Administration's Administrative Law Judge's decision;

(2)  provide the date of the Notice of Appeals Council Action;

(3)  provide the date she received the Notice; and

(4)  attach a copy of the Notice to her amended complaint.

If the plaintiff did not file her IFP application here within 60 days of receiving the Notice, she must include facts explaining why she failed to do so. If Plaintiff needs assistance with this

matter, she may contact the NYLAG Legal Clinic for Pro Se Litigants in the Southern District of New York, which is a free legal clinic staffed by attorneys and paralegals to assist those who are representing themselves in civil lawsuits in the Southern District of New York. A copy of the flyer with details of the clinic is attached to this order.

The Court requests that the Clerk mail a copy of this Order to the plaintiff.  In addition, the Court asks that the Court strike the Order Of Service, ECF No. 4.

**SO ORDERED.**

**Dated:    New York, New York
           February 9, 2021**

                                                          /s/ John G. Koeltl
                                                          **John G. Koeltl
United States District Judge**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____
_____
Write your full name.

\_\_\_\_\_CV_____
Include case number only if one has been assigned.

-against-

COMMISSIONER OF SOCIAL SECURITY

# COMPLAINT FOR JUDICIAL REVIEW OF A FINAL DECISION OF THE COMMISSIONER OF SOCIAL SECURITY

The plaintiff respectfully alleges:

1. This is an action under section 205(g) of the Social Security Act, 42 U.S.C. § 405(g), or section 1631(c)(3) of the Social Security Act, 42 U.S.C. § 1383(c)(3), for review of a final decision of the Commissioner of Social Security.

2. This case is properly brought in the Southern District of New York because the plaintiff is a resident of the county of _____ and the State of _____
    **or** (optional)
    has a principal place of business in the county of _____ and the State of _____

3. The plaintiff's social security number is _____

4. The defendant is the Commissioner of the Social Security Administration and has full power and responsibility over Social Security and Supplemental Security Income benefit determinations under the Social Security Act.

5. The Social Security Administration issued an unfavorable decision regarding the plaintiff's application for, or eligibility to receive, benefits under Title XVI of the Social

Security Act (SSI - Supplemental Security Income) or Title II of the Social Security Act (Disability Insurance, Retirement, or Survivors benefits).

6. The plaintiff requested a hearing before an Administrative Law Judge, a hearing was held, and the Administrative Law Judge issued a decision denying the plaintiff's claim, by decision dated (date of Administrative Law Judge decision) _____

7. The plaintiff requested a review, and the Appeals Council denied the plaintiff's request, or otherwise issued an unfavorable decision, on (date of Appeals Council letter) _____, making the Administrative Law Judge's decision the "final decision" of the Commissioner, subject to judicial review under 42 U.S.C. § 405(g) or § 1383(c)(3).

8. The plaintiff received the letter from the Appeals Council on (date of receipt of letter) _____

**IMPORTANT**

**Please attach a copy of the Appeals Council's letter to this complaint.**

You may file this complaint even if you do not have the Appeals Council letter or cannot answer all of the questions, but you may be required later to provide the missing information.

9. The Commissioner's decision was not supported by substantial evidence in the record, or was based on legal error.

WHEREFORE, the plaintiff respectfully requests that the Court:

a) direct the defendant to appear before the Court;

b) order the defendant to submit a certified copy of the administrative record, including the evidence upon which the findings and decisions complained of are based;

c) upon such record, modify or reverse the decision of the defendant and grant the plaintiff maximum monthly Social Security benefits or Supplemental Security Income benefits as allowable under the Social Security Act; and

d) grant such other relief as may be just and proper.

PLAINTIFF'S CERTIFICATION

By signing below, I certify to the best of my knowledge, information, and belief that: (1) the complaint is not being presented for an improper purpose (such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation); (2) the claims are supported by existing law or by a nonfrivolous argument to change existing law; (3) the factual contentions have evidentiary support; and (4) the complaint otherwise complies with the requirements of Federal Rule of Civil Procedure 11.

I agree to provide the Clerk's Office with any changes to my address. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

You must sign and date the complaint. Attach additional pages if necessary. You must also either pay the filing fee or submit an application to proceed without prepayment of fees.

_____        _____
Dated                                  Plaintiff's Signature

_____
First Name           Middle Initial    Last Name

_____
Plaintiff's Address

_____
County, City                   State                  Zip Code

_____        _____
Telephone Number                       Email Address (if available)

I have read the attached Pro Se (Nonprisoner) Consent to Receive Documents Electronically:

☐ Yes    ☐ No
   If you do consent to receive documents electronically, submit the completed form with your complaint. If you do not consent, please do not attach the form.

United States District Court
Southern District of New York

# Pro Se (Nonprisoner) Consent to Receive Documents Electronically

Parties who are not represented by an attorney and are not currently incarcerated may choose to receive documents in their cases electronically (by e-mail) instead of by regular mail. Receiving documents by regular mail is still an option, but if you would rather receive them only electronically, you must do the following:

1. Sign up for a PACER login and password by contacting PACER[1] at www.pacer.uscourts.gov or 1-800-676-6856;

2. Complete and sign this form.

If you consent to receive documents electronically, you will receive a Notice of Electronic Filing by e-mail each time a document is filed in your case. After receiving the notice, you are permitted one "free look" at the document by clicking on the hyperlinked document number in the e-mail.[2] Once you click the hyperlink and access the document, you may not be able to access the document for free again. After 15 days, the hyperlink will no longer provide free access. Any time that the hyperlink is accessed after the first "free look" or the 15 days, you will be asked for a PACER login and may be charged to view the document. For this reason, *you should print or save the document during the "free look" to avoid future charges.*

## IMPORTANT NOTICE

Under Rule 5 of the Federal Rules of Civil Procedure, Local Civil Rule 5.2, and the Court's Electronic Case Filing Rules & Instructions, documents may be served by electronic means. If you register for electronic service:

1. You will no longer receive documents in the mail;

2. If you do not view and download your documents during your "free look" and within 15 days of when the court sends the e-mail notice, you will be charged for looking at the documents;

3. This service does *not* allow you to electronically file your documents;

4. It will be your duty to regularly review the docket sheet of the case.[3]

---

[1] Public Access to Court Electronic Records (PACER) (www.pacer.uscourts.gov) is an electronic public access service that allows users to obtain case and docket information from federal appellate, district, and bankruptcy courts, and the PACER Case Locator over the internet.

[2] You must review the Court's actual order, decree, or judgment and not rely on the description in the email notice alone. *See* ECF Rule 4.3

[3] The docket sheet is the official record of all filings in a case. You can view the docket sheet, including images of electronically filed documents, using PACER or you can use one of the public access computers available in the Clerk's Office at the Court.

## CONSENT TO ELECTRONIC SERVICE

I hereby consent to receive electronic service of notices and documents in my case(s) listed below. I affirm that:

1. I have regular access to my e-mail account and to the internet and will check regularly for Notices of Electronic Filing;

2. I have established a PACER account;

3. I understand that electronic service is service under Rule 5 of the Federal Rules of Civil Procedure and Rule 5.2 of the Local Civil Rules, and that I will no longer receive paper copies of case filings, including motions, decisions, orders, and other documents;

4. I will promptly notify the Court if there is any change in my personal data, such as name, address, or e-mail address, or if I wish to cancel this consent to electronic service;

5. I understand that I must regularly review the docket sheet of my case so that I do not miss a filing; and

6. I understand that this consent applies only to the cases listed below and that if I file additional cases in which I would like to receive electronic service of notices of documents, I must file consent forms for those cases.

**Civil case(s) filed in the Southern District of New York:**

**Note:** This consent will apply to all cases that you have filed in this court, so please list all of your pending and terminated cases. For each case, include the case name and docket number (for example, John Doe v. New City, 10-CV-01234).

_____

_____

_____
Name (Last, First, MI)

_____
Address          City          State          Zip Code

_____
Telephone Number          E-mail Address

_____
Date          Signature

**Return completed form to:**

Pro Se Intake Unit (Room 200)
500 Pearl Street
New York, NY 10007



**To all individuals who have <u>Social Security</u> or <u>Supplemental Security Income</u> cases:**

The New York County Lawyers Association has provided free legal assistance to thousands of people who cannot afford lawyers. If you cannot afford a lawyer, you may qualify for free legal representation in your appeal in the Southern District of New York.

If you would like to consult with a lawyer, please call Carolyn A. Kubitschek, at (212) 349-0900. We cannot promise that everyone who calls will get a lawyer, but we are committed to providing as many individuals as possible with free legal representation in their federal appeals.

Sincerely,

*Anthe Maria Bova*

Anthe Maria Bova

General Counsel & Director of Pro Bono Programs